**Kulwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Dec. 12, 2006.

———

Sandra A. Ronald, Esq., Attorney at Law, Calabasas, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lindsay L. Chichester, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY *, District Judge.

## MEMORANDUM **

Appellant Kulwinder Kaur ("Petitioner") petitions for review of the Board of Immigration's ("BIA") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA affirms the immigration judge's ("IJ") decision without opinion, the court reviews the IJ's decision "as the final adjudication on the merits." *Abebe v. Ashcroft,* 379 F.3d 755, 758 (9th Cir.2004) *(citing Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003); 8 C.F.R. § 1003.1(a)(7)).

The facts and proceedings are known to the parties and are only repeated here as necessary. The panel reviews for substantial evidence the factual findings underlying the BIA's determination that Petitioner did not qualify for asylum or withholding of removal. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006) (citation omitted). This standard is highly deferential. *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). Under the substantial evidence standard, " 'administrative findings of fact are conclusive

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Zehatye,* 453 F.3d at 1185 (quoting 8 U.S.C. § 1252(b)(4)(B)).

In the asylum context, an adverse finding of credibility must be supported by "a specific, cogent reason" that goes to the "heart" of the asylum claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We will accept the IJ's adverse credibility determination "[s]o long as *one* of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution...." *Id.* at 964 (emphasis added). The IJ articulated several grounds in making an adverse credibility determination, many of which went to the "heart" of Ms. Kaur's asylum claim. Specifically, the IJ determined that Petitioner's testimony was not credible with regard to, *inter alia,* the length of time she was detained after her first arrest and her lack of knowledge of Indian politics. Although the inconsistencies may be justified by alternative explanations, there is substantial evidence on the record for the determination made by the IJ. Nothing compels a contrary conclusion; therefore, we decline to disturb the IJ's credibility findings. Because Petitioner was not credible, the IJ did not err in denying Petitioner's claims for asylum, withholding of removal, and relief under the CAT.

Accordingly, the petition for review is **DENIED.**